UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS MICHAEL SLEDGE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

C16-873 TSZ
(related to CR14-81 TSZ)

ORDER

THIS MATTER comes before the Court on a motion, docket no. 1, by Nicholas Michael Sledge pursuant to 28 U.S.C. § 2255. Having reviewed all papers filed in support of and in opposition to the motion, the Court enters the following order.

**Background**

In 2014, Sledge was charged by Indictment with, and pleaded guilty to, bank robbery. *See* Indictment & Plea Agr. (CR14-81, docket nos. 14 & 33). At the time Sledge was sentenced, the United States Sentencing Guidelines ("USSG") provided that, if a defendant was deemed a "career offender," the offense level for bank robbery was 32, rather than 22, and the criminal history category was VI. USSG § 4B1.1(b). Sledge qualified for a three-point reduction for acceptance of responsibility, resulting in a total offense level of 29, and his guideline range was 151-to-188 months. The plea bargain

ORDER - 1

required the parties to recommend a sentence of not less than 72 months and not more than 108 months imprisonment. Plea Agr. at ¶ 10 (CR14-81, docket no. 33). The Court imposed a term of 104 months. Judgment (CR14-81, docket no. 43).

**Discussion**

In connection with the pending § 2255 motion, the Government does not dispute that, if the reasoning of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), applies, Sledge does not have the requisite two prior felony convictions, for either a crime of violence or a controlled substance offense, to qualify as a "career offender." <u>See</u> USSG § 4B1.1(a). Without the "career offender" enhancement, the applicable guideline range is 57-to-71 months.[1] The Government, however, contends that Sledge cannot rely on <u>Johnson</u> for the following reasons: (i) in the Plea Agreement, Sledge waived his right to collaterally attack his sentence; (ii) Sledge's <u>Johnson</u> claim is procedurally barred because he did not raise it either at sentencing or on direct appeal; (iii) Sledge has not shown that the Court actually relied on the residual clause in the definition of "crime of violence," as set forth in USSG § 4B1.2(a)(2) (2014), to conclude that two of the felonies for which Sledge had previously been convicted, namely attempting to elude a pursuing police vehicle and unarmed bank robbery, rendered him a "career offender"; (iv) <u>Johnson</u> does not apply retroactively for purposes of collateral challenges to guideline range calculations; and (v) Sledge remains bound by the Plea Agreement to recommend a sentence within the

---

[1] In the absence of the "career offender" designation, Sledge's total offense level would be 19, calculated as a base offense level of 20, increased by two points for taking money from a financial institution, and decreased by three points for acceptance of responsibility, and Sledge would have a criminal history category of V (11 points), resulting in a guideline range of 57-to-71 months. USSG §§ 2B3.1, 3E1.1, & 4A1.1. The Government concurs with the Court's computation. <u>See</u> Answer at 7 (docket no. 5).

ORDER - 2

range articulated therein, namely 72-to-108 months, and has therefore suffered no prejudice.

The Court is unpersuaded by the Government's arguments. A collateral attack waiver is unenforceable with regard to a challenge that a sentence was imposed pursuant to a constitutionally vague USSG provision. See United States v. Torres, 828 F.3d 1113, 1124-25 (9th Cir. 2016); United States v. Terrell, --- F. Supp. 3d ---, 2016 WL 6582993 at *6 (E.D. Wash. Nov. 6, 2016); see also United States v. Savage, --- F. Supp. 3d ---, 2017 WL 130008 at *9-*10 (C.D. Cal. Jan. 12, 2017). Sledge's failure to dispute the applicability of USSG § 4B1.1 at sentencing or on appeal does not constitute procedural default barring his § 2255 motion. See Haffner v. United States, 2016 WL 6897812 at *4 (W.D. Wash. Nov. 23, 2016); Carpio v. United States, --- F. Supp. 3d ---, 2016 WL 6395192 at *8-*9 (W.D. Wash. Oct. 28, 2016); Nedrow v. United States, 2016 WL 6267805 at *2 (W.D. Wash. Oct. 26, 2016); Pressley v. United States, --- F. Supp. 3d ---, 2016 WL 4440672 at *3-*4 (W.D. Wash. Aug. 11, 2016).

Sledge need not show that the Court explicitly relied on the residual clause of former USSG § 4B1.2(a)(2). See Carpio, 2016 WL 6395192 at *6; United States v. Ladwig, 192 F. Supp. 3d 1153, 1158-59 (E.D. Wash. 2016); Gibson v. United States, 2016 WL 3349350 at *1-*2 (W.D. Wash. June 15, 2016). Moreover, one of the two prior felonies that might conceivably count toward a "career offender" designation, namely attempting to elude a pursuing police vehicle, does not constitute a "crime of violence" under any prong of the USSG definition other than the residual clause. See Jennings v. United States, 2016 WL 4376778 at *2 (W.D. Wash. Aug. 17, 2016) ("The government

ORDER - 3

. . . agrees that Petitioner 'no longer qualifies as a career offender because his prior conviction for Attempting to Elude a Pursuing Police Vehicle is not a crime of violence under the Guidelines after *Johnson*.'").

With respect to the retroactive effect of *Johnson* in the context of the Sentencing Guidelines, the Court recognizes that the issue has been presented to the United States Supreme Court in *Beckles v. United States*, No. 15-8544 (argued Nov. 28, 2016).  The Court is persuaded, however, that a stay pending *Beckles* is unwarranted, and that Sledge's § 2255 motion is not time-barred for the reasons articulated by other courts in this district and in this circuit.  See *Carpio*, 2016 WL 6395192 at *4-*6 (citing *Reina-Rodgriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011)); *Pressley*, 2016 WL 4440672 at *2; *see also Savage*, 2017 WL 130008 at *19-*23; *Haffner*, 2016 WL 6897812 at *3; *United States v. Tomisser*, 196 F. Supp. 3d 1169, 1173-74 (E.D. Wash. 2016); *United States v. Hoopes*, 195 F. Supp. 3d 1161, 1162-68 (D. Ore. 2016).

Finally, the Government's contention that the substantially different, post-*Johnson* sentencing range does not justify granting Sledge's § 2255 motion because he would be bound by the Plea Agreement to request a sentence of not less than 72 months lacks any merit.  In seeking a new sentence that is consistent with a guideline range calculated without the "career offender" enhancement, Sledge can still abide by the terms of the Plea Agreement.  The Court, however, is not bound by the range on which the parties have agreed, and the Court's analysis of what is a "sufficient, but not greater than necessary" sentence that serves the purposes set forth in 18 U.S.C. § 3553(a)(2) will necessarily be influenced by the revised guideline range.  See *Carpio*, 2016 WL 6395192

at *5 (observing that the Sentencing Guidelines "are 'the lodestone of sentencing'" and that a district judge must consult them "as a starting point" and "remain cognizant of them when imposing a sentence").

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) Nicholas Michael Sledge's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, docket no. 1, is GRANTED;

(2) The Judgment in Case No. CR14-81, docket no. 43, is VACATED;

(3) A resentencing hearing is SET for Thursday, April 6, 2017, at 1:30 p.m.; the Government shall arrange for Sledge to be present at the resentencing hearing;

(4) The United States Probation and Pretrial Services Office is DIRECTED to prepare an expedited, revised presentence report and to provide a copy to all parties and the Court by March 27, 2017; the parties' respective sentencing memoranda shall be filed by April 3, 2017;

(5) The Clerk is DIRECTED to docket a copy of this Order in CR14-81, to send a copy of this Order to all counsel of record and to Lorraine Bolle of the United States Probation and Pretrial Services Office, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 3rd day of March, 2017.

Thomas S. Zilly
United States District Judge