UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS MICHAEL SLEDGE,<br><br>Defendant. | CR14-81 TSZ |
| NICHOLAS MICHAEL SLEDGE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | C16-873 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the parties' stipulated motion for reconsideration, docket no. 15 in C16-873. Having reviewed all papers filed in support of such motion, including the supplemental briefs, docket nos. 17 and 19 in C16-873, submitted at the Court's direction, *see* Minute Orders (docket nos. 14 & 16 in C16-873; also filed as docket nos. 53 & 54 in CR14-81), the Court enters the following order.

ORDER - 1

**Background**

In 2014, petitioner/defendant Nicholas Michael Sledge was convicted of bank robbery and sentenced to 104 months in prison. Pursuant to the version of the United States Sentencing Guidelines ("USSG") in effect at that time, Sledge was deemed a "career offender" as a result of two prior convictions for what were then considered "crimes of violence," including a conviction for attempting to elude a pursuing police vehicle. *See* USSG §§ 4B1.1 & 4B1.2(a)(2) (2014). Based on the reasoning in *Johnson v. United States*, 135 S. Ct. 2551 (2015), attempting to elude a pursuing police vehicle no longer qualifies as a "crime of violence," and the Sentencing Guidelines have since been amended. In contrast to the range of 151-to-188 months, which applied at the time of Sledge's sentencing, the range that would currently be calculated is 57-to-71 months. *See* USSG §§ 2B3.1, 3E1.1, & 4A1.1.

In response to Sledge's motion under 28 U.S.C. § 2255, the Government argued that *Johnson*, which invalidated, as unconstitutionally vague, the residual clause in the Armed Career Criminal Act's definition of a "violent felony," was not retroactive with regard to a similar residual clause in the Sentencing Guidelines' definition of a "crime of violence." By Order entered March 3, 2017, docket no. 12 in C16-873, the Court rejected this and other defenses asserted by the Government, granted Sledge's § 2255 motion, vacated the judgment in CR14-81, and set a hearing date for resentencing. On March 6, 2017, the United States Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which did not decide, as forecasted, whether *Johnson* applied retroactively in the context of the Sentencing Guidelines, but instead indicated that the

ORDER - 2

advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause of the Fifth Amendment. <u>Id.</u> at 895. The Government sought, and the Court granted, a continuance of the resentencing hearing, <u>see</u> Minute Order (docket no. 53 in CR14-81), and the parties now seek, by way of stipulated motion, to vacate the Court's Order granting Sledge relief under § 2255.[1]

**Discussion**

**A.  Waiver**

Regardless of whether <u>Beckles</u> applies retroactively,[2] the Government has waived its current argument that Sledge cannot challenge the constitutionality of his sentence. Waiver is the "intentional relinquishment or abandonment of a known right." <u>Wood v.</u>

---

[1] The parties have not clearly articulated a procedural basis for their stipulated motion. On Sledge's behalf, Assistant Federal Public Defender Vicki Lai originally cited to Federal Rule of Civil Procedure 41(a)(2), which she now concedes is inapplicable. Instead, she relies on Federal Rule of Civil Procedure 60(b), without indicating which of the six subsections of such rule might govern. The Government has been likewise vague, referencing Rule 60(b) only generally. The Government has also cited Federal Rule of Civil Procedure 59(e) and <u>Rishor v. Ferguson</u>, 822 F.3d 482 (9th Cir. 2016), neither of which are on point. Of the authorities cited by the parties, only the catch-all provision of Rule 60(b)(6) might apply, but the parties have not even attempted to demonstrate the type of "exceptional situation" for which Rule 60(b)(6) is reserved. <u>See</u>, <u>e.g.</u>, <u>Waggoner v. R. McGray, Inc.</u>, 743 F.2d 643, 645 (9th Cir. 1984). The Court has, however, considered the parties' motion for reconsideration under the standard articulated in Local Civil Rule 7(h)(1).

[2] Although the Court's decision to vacate Sledge's sentence was entered before <u>Beckles</u> was issued, the Government contends that <u>Beckles</u> nevertheless now governs because it was decided prior to any appeal in this matter. The Government's analysis ignores the distinction between direct appeal and collateral attack. <u>Compare</u> <u>Griffith v. Kentucky</u>, 479 U.S. 314 (1987) (holding that decisions announcing "a new rule for the conduct of criminal prosecutions" applies retroactively to all cases pending on direct review or not yet final), <u>with</u> <u>Teague v. Lane</u>, 489 U.S. 288 (1989) (concluding that "new constitutional rules of criminal procedure" do not apply on collateral review unless they are either substantive or "watershed" procedural rules). If the situation were reversed, in other words, if the Court had denied Sledge's § 2255 motion and the Supreme Court had subsequently articulated a standard favorable to him, the Court doubts that the Government would be taking the same position with respect to the effect of the later decision.

ORDER - 3

*Milyard*, 566 U.S. 463, 132 S. Ct. 1826, 1835 (2012). Waiver occurs when the Government "deliberately steer[s]" a court away from a particular issue, *id.*, or makes a considered decision to refrain from raising a known defense to a § 2255 motion, *see Ryan v. United States*, 688 F.3d 845, 848 (7th Cir. 2012). In contrast, if an argument is not presented because of inadvertence or oversight, it is merely forfeited, as opposed to waived. *See Wood*, 132 S. Ct. at 1835; *Ryan*, 688 F.3d at 848. A court may deny collateral relief on a ground that the Government has forfeited, but not on a basis that the Government has waived. *Ryan*, 688 F.3d at 848; *see Gonzalez v. United States*, 33 F.3d 1047, 1049 (9th Cir. 1994); *see also Brascomb v. United States*, 2015 WL 7300512 (M.D. Ala. Nov. 18, 2015) (ruling that the Government waived untimeliness and non-retroactivity defenses to § 2255 motion).

In this § 2255 proceeding, the Government has always been on notice that Sledge was claiming "the right to be released upon the ground that the sentence was imposed in violation of the Constitution." *See* 28 U.S.C. § 2255(a); *see also* Pet.'s § 2255 Mot. (docket no. 1 in C16-873). Yet, in responding to the § 2255 motion, the Government never asserted that Sledge could not challenge the Sentencing Guidelines as unconstitutionally vague. Indeed, the Government contemporaneously took quite the opposite position, siding with petitioner Travis Beckles and stating that "the advisory Sentencing Guidelines are subject to the constitutional 'prohibition of vagueness in criminal statutes.'" *Beckles v. United States*, No. 15-8544, United States' Br. at 38, 2016 WL 5116851 (Sep. 19, 2016) (quoting *Johnson*, 135 S. Ct. at 2556-57). To permit the Government to now unwind a decision made by this Court before *Beckles* was

ORDER - 4

issued, based on an argument the Government never raised in this case, and which it affirmatively disavowed both orally and in writing before the highest court in the country, would neither promote the principles of finality nor operate to prevent manifest injustice.

The Government attempts to characterize its conduct as a concession, rather than a waiver. Although the Government is correct that an appellate court may choose not to be "bound by a party's concession as to the meaning of the law," see United States v. Ogles, 440 F.3d 1095, 1099 (9th Cir. 2006), such canon does not apply in this context; the question before the Court is not whether to accept a concession before announcing a decision, but whether to permit the Government to reverse its position after an order has already been entered. The Government cannot contend that it did not know the issue of whether the Sentencing Guidelines were subject to vagueness challenges was potentially dispositive in Beckles -- the Government briefed the subject -- and the Court is satisfied that the Government's failure to timely assert the non-cognizability of Sledge's due process claim, for whatever reason, constituted a waiver. See Ryan, 688 F.3d at 848 (the Court "is neither authorized nor inclined to delve into the deliberational process that preceded a decision by the United States Attorney").

The Government cites United States v. Thompson, 851 F.3d 129 (1st Cir. 2017), to support its contention that its "concession" about the applicability of the Due Process Clause did not constitute a waiver. The Government's reliance on Thompson is entirely misplaced. In Thompson, the district court imposed a 327-month sentence, based in part on a finding that the defendant was a career offender, having been previously convicted in state court for assault and battery with a dangerous weapon ("ABDW"). See id. at 130.

1 While the appeal in *Thompson* was pending, both *Johnson* and *Beckles* were decided. *Id.*
2 at 130-31.  The defendant raised a claim for relief under *Johnson* for the first time on
3 appeal in a notice of supplemental authority.  *Id.* at 131.  In further briefing requested by
4 the First Circuit, the Government conceded that *Johnson* invalidated the residual clause
5 of the USSG's definition of a "crime of violence," pursuant to which the defendant had
6 been designated a career offender; however, the Government argued that ABDW
7 qualified as a "crime of violence" under the "elements" or "force" clause, as opposed to
8 the residual clause, of the USSG's definition.  *Id.*  The First Circuit concluded that, in
9 light of *Beckles*, it could ignore the Government's concession.  *Id.*

10     *Thompson* is distinguishable.  Unlike the matter before the Court, *Thompson*
11 involved a direct appeal, not a collateral challenge, and thus, the intervening changes in
12 the law presented no retroactivity issues.[3]  *See Griffith*, 479 U.S. at 328; *see also supra*
13 note 2.  Moreover, in contrast to this case, in *Thompson*, the defendant had received no
14 relief pursuant to *Johnson* and its progeny before *Beckles* was issued, and thus, his
15 position was unaffected by the First Circuit's refusal to accept the Government's
16 concession.  Finally, the equities of the cases are vastly different; in *Thompson*, an
17 argument could be and was made that, even under the reasoning in *Johnson*, the prior
18 conviction at issue still counted toward "career offender" status, *see* 851 F.3d at 131,

---

[3] For this same reason, *United States v. Miller*, 822 F.2d 828 (9th Cir. 1987), does not support the Government's position.  In *Miller*, the defendant entered a conditional guilty plea and, on direct appeal, obtained a reversal of the district court's refusal to suppress certain evidence.  *See id.* at 829.  On remand, the Government was allowed to withdraw a previous concession in light of a then-recent Supreme Court decision, the district court denied the defendant's motion to suppress other evidence in the case, and the defendant's conviction was reinstated.  *Id.* at 829-30.  The situation in *Miller* was not at all analogous to the posture of this matter.

whereas in this case, no dispute exists that a prior felony, which resulted in Sledge's treatment as a "career offender," no longer qualifies as a "crime of violence." See USSG § 4B1.2(a) (2016).

**B.    Forfeiture**

Even if the non-cognizability defense was not waived, it was forfeited. A court may exercise its discretion to deny a § 2255 motion on the basis of a forfeited defense only in "extraordinary circumstances," Wood, 132 S. Ct. at 1833, or "exceptional cases," Ryan, 688 F.3d at 848. The parties have proffered no reason for treating this matter as extraordinary or exceptional. No mention has been made of any ill consequence to Sledge (for example, prosecution of previously uncharged offenses) if the Court's earlier Order is not vacated. Moreover, unlike in Bill v. United States, No. C16-941 RSM, Order (docket no. 15) (W.D. Wash. Mar. 9, 2017), in which a similar stipulated motion was granted and an order granting § 2255 relief was vacated, in this case, the parties have not represented that Sledge's release would be delayed if he is resentenced or that Sledge would be eligible for transfer to a residential reentry center sooner if the parties' stipulated motion for reconsideration was granted. The Court is persuaded that Sledge should be resentenced in accordance with the Order entered March 3, 2017.

**C.    Future Representation**

The Court is troubled by the Federal Public Defender's less-than-zealous advocacy on Sledge's behalf in the wake of Beckles, and thus believes that a change in counsel is warranted. After Beckles was issued, the Court set a briefing schedule, directing the parties to address whether Beckles has retroactive effect and whether the Government had

waived its ability to rely on <u>Beckles</u>.  <u>See</u> Minute Order at ¶ 1(b) (docket no. 14 in C16-873; docket no. 53 in CR14-81).  The Court separately instructed the Federal Public Defender to file a supplemental brief concerning whether, because Sledge's sentence had been vacated, he must be provided an opportunity to allocute at any resentencing.[4]  <u>See id.</u> at ¶ 2.  When the Court was forced to remind the parties of their obligation to brief the issues identified in the prior Minute Order, <u>see</u> Minute Order (docket no. 16 in C16-873; docket no. 54 in CR14-81), the Federal Public Defender chose not to offer any analysis on the retroactivity or waiver issues.

Despite having been alerted by the Court's Minute Orders to possible arguments in Sledge's favor, the Federal Public Defender stipulated to, and continued to support, the pending motion for reconsideration.  The Court has significant doubts about whether doing so was at Sledge's direction, with his informed consent, or in his best interests.  The Court is mindful that Sledge was not represented in the original criminal proceedings by the Federal Public Defender, and that the attorneys appointed to handle Sledge's § 2255 motion might never have met or developed a rapport with him.  The Court is also aware that, in the wake of <u>Johnson</u>, the Federal Public Defender was tasked with handling a large volume of § 2255 motions, and that Sledge's case might not have been

---

[4] In light of the denial of the parties' stipulated motion for reconsideration, the Court need not decide whether mere re-imposition of Sledge's original 104-month sentence would have given rise to a right of allocution.  The Court notes, however, that the authority cited by the Federal Public Defender, <u>United States v. Silva</u>, 472 F.3d 683 (9th Cir. 2007), provides little guidance in this matter.  Unlike in this case, in <u>Silva</u>, the sentence had not been vacated, but rather was still in effect, when a limited remand was granted, during the course of direct review, for the district court to indicate whether it would have imposed a "materially different sentence" had it known the Sentencing Guidelines were not mandatory.  <u>See id.</u> at 684.

ORDER - 8

the most urgent or compelling of those matters. Nevertheless, Sledge is entitled to the benefit of the counsel that was appointed for him, <u>see</u> Order (docket no. 1-2 in C16-873), and the Court is persuaded that a different lawyer should be substituted for the Federal Public Defender for the purpose of handling Sledge's resentencing and any appeal resulting from the Court's rulings and/or issues not adequately addressed by the Federal Public Defender.

**Conclusion**

      For the foregoing reasons, the Court ORDERS as follows:

      (1) The parties' stipulated motion for reconsideration, docket no. 15 in C16-873, is DENIED;

      (2) A resentencing hearing is SET for Thursday, July 27, 2017, at 10:30 a.m.; the Government shall arrange for Sledge to be present at the resentencing hearing;

      (3) The Federal Public Defender is removed as counsel of record for Sledge, and the Criminal Justice Act ("CJA") Administrator is DIRECTED to appoint an attorney from the CJA Panel to represent Sledge in connection with resentencing; such attorney shall file a notice of appearance in CR14-81 on or before June 23, 2017;

      (4) The United States Probation and Pretrial Services Office is DIRECTED to prepare an expedited, revised presentence report and to provide a copy to all parties and the Court by June 30, 2017; the parties' respective sentencing memoranda shall be filed by July 21, 2017; and

      (5) The Clerk is DIRECTED to send a copy of this Order to all counsel of record, to Lorraine Bolle of the United States Probation and Pretrial Services Office, and

1 | to the CJA Administrator.  The Clerk is further DIRECTED to send a copy of this Order,

2 | along with a copy of the Order entered March 3, 2017, docket no. 12 in C16-873, to

3 | Nicholas Michael Sledge, Prisoner No. 36258-086, USP Terre Haute, U.S. Penitentiary,

4 | P.O. Box 33, Terre Haute, IN 47808.

DATED this 31st day of May, 2017.

/s/ Thomas S. Zilly

Thomas S. Zilly
United States District Judge